Filed 7/15/14  P. v. Sargent CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>MATTHEW DAVID SARGENT,<br><br>　　　Defendant and Appellant. | H040131<br>(Santa Clara County<br>Super. Ct. Nos. C1244804 &<br>C1356472) |

　　　　Matthew David Sargent appeals from an order committing him to the California Department of State Hospitals after a finding of incompetency to stand trial under Penal Code section 1368.  On November 13, 2012, the Santa Clara County District Attorney filed an amended citation and complaint charging appellant with a speeding infraction (Veh. Code, § 22350), and misdemeanor driving with a suspended license.  (Veh. Code, §§ 14601.2, subd. (a), 14601.5, subd. (a).)  On May 9, 2013, the Santa Clara County District Attorney filed a felony complaint charging appellant with felony criminal threats (Pen. Code, § 422), misdemeanor battery (Pen. Code, §§ 242-243, subd. (a)), and a misdemeanor violation of a court order.  (Pen. Code, § 166, subd. (c)(4).)

　　　　On June 25, 2013, over appellant's objection, the court declared a doubt as to appellant's competence, suspended proceedings, and appointed two doctors to evaluate appellant's competence pursuant to Penal Code sections 1368.1 and 1369.  Both doctors found appellant not competent to stand trial.  On August 28, 2013, the appellant testified

on his own behalf and the parties submitted on the two reports. The court took judicial notice of the doctors' reports and found appellant not competent to stand trial. The court referred appellant to CONREP2 for a placement evaluation, and scheduled a capacity hearing. This timely appeal ensued.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel has filed an opening brief which states the case and the facts but raises no specific issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544 (*Ben C.*); *People v. Taylor* (2008) 160 Cal.App.4th 304.) In the opening brief, counsel requests that we allow appellant the opportunity to submit a brief in propria persona on his own behalf pursuant to *Ben C.* On April 1, 2014 we notified appellant of his right to submit written argument in his own behalf within 30 days. This court extended appellant's time to respond until May 30, 2014. That time elapsed and we received nothing from appellant. On June 4, 2014, appellant requested another extension of time, which this court denied.

On June 11, 2014, we received a letter from appellant, entitled, "Appellant's Request for Extension of Time and Replacement Council [*sic*]."[1] In his letter, appellant contends that the order of commitment is not supported by substantial evidence because the doctors' reports were erroneous, that the court failed to consider evidence from his private doctor, and that his appellate counsel is ineffective and has mistreated him.

The record does not support appellant's claims. During the hearing, the court gave appellant the opportunity to personally speak and present arguments regarding his competence. At that time defendant stated that one of the evaluating doctors had

---

[1] Even though the letter is untimely, we will consider appellant's arguments in the interest of justice. On June 24, 2014, we received yet another letter from appellant entitled, "Appellant's re-request for reconsideration of time in which to file appellant's supplemental opening brief & replacement of Atty[*sic*]." This letter does nothing but restate the points made in his June 11, 2014 letter and is again untimely. Therefore, we will not consider its contents in disposing of this appeal.

confused him with another patient, so her report should be disregarded. The court heard appellant's claims and took them into consideration when finding that the two doctors' reports supported a finding of incompetence to stand trial. Other than his own claim regarding the purported confusion, nothing in the record or the reports supports this contention.

During his statement to the court, appellant made a vague request that the court consider the opinion of his personal treating physician, Dr. Rafael Diaz. The court had no duty to appoint a third physician to evaluate appellant because both doctors' reports agreed that appellant was not competent to stand trial. Therefore, the court did not err in ignoring appellant's request. Further, after the court made its finding of incompetence, it did agree to consider Dr. Diaz's opinion in future proceedings if the evidence were submitted in writing. We find no arguable issue on appeal from the order finding appellant incompetent based on the trial court's failure to continue the proceedings to solicit the opinion of appellant's personal doctor.

Finally, appellant's contention that appellate counsel is ineffective is without merit. Nothing in the record of the appellate proceedings supports this conclusion. To the contrary, counsel's representation has been competent and diligent during all aspects of the appellate proceedings. Counsel filed a timely opening brief in compliance with the requirement of *Ben C.*, *supra*, 40 Cal.4th 529, she assisted this court in obtaining appellant's correct address when our initial mailing to appellant was initially returned, and she assisted appellant in seeking extensions of time from this court to file his own brief.

The appellant having failed to raise any issue on appeal, we have no alternative but to dismiss the appeal. (*Ben C.*, *supra*, 40 Cal.4th 529.)

## DISPOSITION

The appeal is dismissed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

4